**Thomas D. Kershaw, Jr. p.c.**
tkershaw@sunvalley.net
**Idaho Bar # 3381**
**184 Gooding St. W.**
**P.O. Box 2497**
**Twin Falls, ID   83303**
**(208) 734-9622**
**(208) 734-6944 (fax)**

**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF IDAHO

| | |
|---|---|
| MILES H. HUMPHREY, M.D., on behalf of himself and all others similarly situated in the State of Idaho | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| vs. | |
| AU OPTRONICS CORP.; AU OPTRONICS CORP. AMERICA; CHI MEI OPTOELECTRONICS CO., LTD.; CHI MEI OPTOELECTRONICS USA, INC.; CHUNGHWA PICTURE TUBES; LTD.; FUJITSU LIMITED, INC.; FUJITSU AMERICA, INC.; HANNSTAR DISPLAY CORPORATION; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; IDTECH CO., LTD; IDTECH USA, INC.; IPSA ALPHA TECHNOLOGY, LTD.; LG.PHILIPS LCD CO., LTD.; LG.PHILIPS LCD AMERICA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD.; PANASONIC CORPORATION OF NORTH AMERICA; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI ELECTRIC & | **CLASS ACTION COMPLAINT** |

1

ELECTRONICS USA, INC.; NEC
ELECTRONICS CORPORATION;
NEC ELECTRONICS AMERICA,
INC.; NEC LCD TECHNOLOGIES,
LTD.; SAMSUNG ELECTRONICS
COMPANY LTD.; SAMSUNG
ELECTRONICS AMERICA; SANYO
ELECTRIC CO., LTD.; SANYO
NORTH AMERICA CORPORATION;
EPSON IMAGING DEVICES
CORPORATION; SEIKO EPSON
CORPORATION; EPSON AMERICA,
INC.; EPSON ELECTRONICS
AMERICA, INC.; SHARP
CORPORATION; SHARP
ELECTRONICS CORPORATION;  S-
LCD CORPORATION; SYNTAX-
BRILLIAN CORP.; S-LCD
CORPORATION; TOSHIBA
CORPORATION; TOSHIBA
AMERICA INC.; TOSHIBA
MATSUSHITA DISPLAY
TECHNOLOGY CO., LTD.; and JOHN
DOES 1-100
                    Defendants.

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, Miles H. Humphrey, M.D., on behalf of himself and all

other similarly situated persons and entities, hereby brings this action on behalf of a class of

"indirect purchasers" of Thin-Film Transistor Liquid Crystal Displays ("LCD") and products

containing LCD covering a period beginning no later than January 1, 2002 and continuing until

at least December 31, 2005.  Plaintiff seeks federal injunctive relief under Section 16 of the

Clayton Act, 15 U.S.C. § 26 for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1 and

damages and other relief for Defendants' violations of Idaho's Competition Act, Idaho code

Sec. 48-101, *et seq.*, and Idaho's Consumer Protection Act, Idaho Code Sec. 48-601, *et seq.*.

Plaintiff, upon personal knowledge as to his own acts and status, and upon information and belief

as to all other matters, alleges the following:

## **INTRODUCTION**

1.       This case arises out of a long-running conspiracy extending from January 1, 2002 and continuing until at least December 31, 2005, among Defendants and their co-conspirators, with the purpose and effect of fixing prices, allocating market share, and committing other unlawful practices designed to inflate the prices of LCD and products containing LCD sold indirectly to Plaintiff and other purchasers in the Idaho.  Plaintiff brings this Class Action pursuant to the Idaho Competition Act, IDAHO CODE, SEC. 48-101, *ET SEQ.*, the Idaho Consumer Protection Act, Idaho Code Sec. 48-601, *et seq.,* and the applicable rules of civil procedure.

2.       Defendants and their co-conspirators have formed an international cartel to illegally restrict competition in the LCD market, targeting and severely burdening consumers in Idaho. The conspiracy has existed at least during the period from January 1, 2002 and continuing until at least December 31, 2005, and has affected billions of dollars of commerce for products commonly found in households and businesses throughout the United States, including Idaho. Defendants' conspiracy has included communications and meetings in which Defendants agreed to eliminate competition and fix the prices and allocate markets for LCD.

3.       The charged combination, and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendants and their Co-Conspirators, the substantial terms of which were to fix, stabilize, and maintain prices, allocate markets and customers, and to coordinate price increases of LCD in Idaho.

4.       The acts by Defendants in furtherance of the conspiracy have included, upon information and belief, the following wrongful conduct and horizontal agreements:

(a)      participating in meetings and conversations in which Defendants and their co-conspirators discussed and agreed to prices for LCD;

(b)     participating in meetings and conversations in which Defendants and their co-conspirators allocated markets and customers for LCD;

(c)     participating in meetings and conversations in which Defendants and their co-conspirators discussed and agreed to refrain from engaging in competitive bidding or to submit complementary and non-competitive bids for particular contracts to supply LCD and products containing LCD to various consumers;

(d)     exchanged sales and customer information for the purposes of monitoring and enforcing adherence to the agreements reached;

(e)     issuing price announcements, price quotations, and general price increases in accordance with the pricing and market allocation agreements reached; and

(f)     facilitating, effectuating, implementing, monitoring, and concealing the contract, combination, and conspiracy to raise the prices of LCD sold.

## JURISDICTION & VENUE

5.      Plaintiff brings this Class Action pursuant to the antitrust, deceptive and unfair trade practices, and consumer protection statutes of Idaho, including, but not limited to the Idaho Competition Act, IDAHO CODE SEC. 48-101, ET SEQ.., and the Idaho Consumer Protection Act, IDAHO CODE SEC. 48-601, ET SEQ.

6.      This Complaint is also filed under Section 16 Clayton Act, 15 U.S.C. § 26 to enjoin Defendants, and their officers, agents, employees, or representatives from engaging in the unlawful contract, combination, and conspiracy in restraint of trade or commerce of LCD.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds $5,000,000 exclusive of interest and costs when the claims of individual class members are aggregated, and is between citizens of different states. Venue is proper in the United States District Court for the District of Idaho pursuant to 15 U.S.C. § 15 and § 22 and 28 U.S.C. § 1391, as the Defendants reside, transact business or are found within this

District, and/or a substantial part of the events giving rise to the Plaintiff's claims arose in this District.

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of Plaintiff's injunctive relief claims brought under the Clayton Act, 15 U.S.C. § 26.  Jurisdiction is also proper under 28 U.S.C. § 1367 as all other claims arise from the same case or controversy as the Clayton Act claim.

9.    Personal jurisdiction comports with due process under the United States Constitution and Idaho's long-arm statutes.

10.    Without limiting the generality of the foregoing, Defendants (directly or through agents who were at the time acting with actual and/or apparent authority and within the scope of such authority) have:

(a)    transacted business in Idaho;

(b)    contracted to supply or obtain services or goods in Idaho;

(c)    availed themselves intentionally of the benefits of doing business in Idaho;

(d)    produced, promoted, sold, marketed, and/or distributed their products or services in Idaho and, thereby, have purposefully profited from their access to Idaho's markets;

(e)    caused tortious damage by act or omission in Idaho;

(f)    caused tortious damage in Idaho by acts or omissions committed outside such jurisdiction while (i) regularly doing or soliciting business in such jurisdiction, and/or (ii) engaging in other persistent courses of conduct within such jurisdiction, and/or (iii) deriving substantial revenue from goods used or consumed or services rendered in such jurisdiction;

(g)    committed acts and omissions which Defendants knew or should have known would cause damage (and, in fact, did cause damage) in Idaho to Plaintiff and Class members while (i) regularly doing or soliciting business in such jurisdiction, and/or (ii) engaging in

other persistent courses of conduct within such jurisdiction, and/or (iii) deriving substantial revenue from goods used or consumed or services rendered in such jurisdiction;

(h)     engaged in a conspiracy with others doing business in Idaho that caused tortious damage in such jurisdiction; and

(i)     otherwise had the requisite minimum contacts with Idaho such that, under the circumstances, it is fair and reasonable to require Defendants to come to this Court to defend this action.

11.     Plaintiff Miles H. Humphrey, M.D. is a resident of Idaho. In addition, a substantial part of the trade and commerce, as well as the arrangement, contract, agreement, trust, combination, conspiracy, unfair or deceptive practices, and/or uniform and common course of conduct giving rise to Plaintiff's claims, occurred within Idaho, including, among other things, the indirect sale of LCD to Plaintiff and other members of the class at supra-competitive prices.

12.     As a result of the manufacture, distribution, delivery and sale of Defendants' products to indirect purchasers within Idaho, directly or through their subsidiaries, affiliates or agents, Defendants obtained the benefits of the laws of Idaho and the markets of Idaho for their products.

## PARTIES

### A.     Plaintiff

13.     Plaintiff Miles H. Humphrey, M.D. is a citizen and resident of Twin Falls, Twin Falls County, Idaho. During the time period covered in this Complaint, Plaintiff indirectly purchased LCD from one or more of the Defendants, their subsidiaries, divisions, units or affiliates. As a result, Plaintiff paid supra-competitive and artificially inflated prices for LCD and has been injured by reason of the illegal conduct alleged herein.

### B.     Defendants

14.     Defendant AU Optronics Corporation is a Taiwanese corporation with its

principal place of business at No. 1, Li-Hsin Rd. 2, Hsinchu Science Park, Hsinchu 30078, Taiwan, R.O.C.  Defendant AU Optronics Corporation produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

15.    Defendant AU Optronics Corporation America is a wholly owned subsidiary of Defendant Au Optronics and is incorporated in California with its principal place of business at 9720 Cypresswood Drive, Suite 241, Houston, Texas 77070.  Defendant AU Optronics Corporation America produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.  Defendants AU Optronics Corporation and AU Optronics Corporation are referred to collectively as "AU Optronics."

16.    Defendant Chi Mei Optoelectronics Co., Ltd. is a Taiwanese corporation with its principal place of business at No. 3, Sec. 1, Huanshi Rd., Southern Taiwan Park, Tainan, 74147 Taiwan, R.O.C.  Defendant Chi Mei Optoelectronics Co., Ltd. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

17.    Defendant Chi Mei Optoelectronics USA, Inc., is a wholly owned subsidiary of Defendant Chi Mei Optoelectronics and is incorporated in Delaware with its principal place of business at 101 Metro Drive, Suite 510, San Jose, California 95110.  Defendant Chi Mei Optoelectronics USA, Inc. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.  Defendants Chi Mei Optoelectronics USA, Inc. and Chi Mei Optoelectronics Co., Ltd. are referred to collectively as "Chi Mei Optoelectronics."

18.     Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a Taiwanese corporation with its principal place of business at 1127 Hopin Road, Padeh City, Taoyuan, Taiwan, R.O.C.  Defendant Chunghwa produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including Idaho, during the Class Period.

19.     Defendant Fujitsu Limited, Inc. is a Japan corporation with its principal place of business at Shiodome City Center 1-5-2 Higashi Shimbashi, Minato-ku, Tokyo, 105-7123 Japan. Defendant Fujitsu produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

20.     Defendant Fujitsu America, Inc., is a wholly owned subsidiary of Defendant Fujitsu Limited, Inc. and is incorporated in California with its principal place of business at 1250 Arques Ave., M/S 124 Sunnyvale, California 94085.  Defendant Fujitsu America, Inc. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.  Defendants Fujitsu America, Inc. and Fujitsu Limited, Inc. are referred to collectively as "Fujitsu."

21.     Defendant Hannstar Display ("Hannstar") is a Taiwanese corporation with its principal place of business at 12Fl., No. 480, Rueiguang Road, Neihu Chiu, Taipei 114, Taiwan, R.O.C.  Defendant Hannstar produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

22.     Defendant Hitachi, Ltd. is a Japanese corporation with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280 Japan.  Hitachi, Ltd. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

23.     Defendant Hitachi Displays, Ltd. is a wholly owned subsidiary of Hitachi, Ltd.

8

with its principal place of business at AKS Bldg. 5F, 6-2 Kanda Neribei-cho 3,Chiyoda-ku, Tokyo 101-0022 Japan. Defendant Hitachi Displays, Ltd. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

24.    Defendant Hitachi America, Ltd. is a wholly owned subsidiary of Hitachi, Ltd. and is incorporated in New York with its principal place of business at 2000 Sierra Point Parkway, Brisbane, California 94005. Defendant Hitachi America, Ltd. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period. Defendants Hitachi America, Ltd., Hitachi Displays, Ltd. and Hitachi, Ltd. are referred to collectively as "Hitachi."

25.    Defendant International Display Technology is a wholly owned Japanese subsidiary of Chi Mei Optoelectronics with its principal place of business at Nansei Yaesu Bldg., 3F, 2-2-10, Yaesu, Chuo-ku, Tokyo 104-0028 Japan. Defendant International Display Technology produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

26.    Defendant International Display Technology USA, Inc. is a wholly owned subsidiary of International Display Technology and is incorporated in California with its principal place of business at 101 Metro Drive, Suite 510, San Jose, California 95110. Defendant International Display Technology USA, Inc. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period. Defendants International Display Technology USA, Inc. and International Display Technology are referred to collectively as "IDTech."

27.    Defendant IPSA Alpha Technology, Ltd. ("IPSA Alpha") is a wholly owned

9

subsidiary of Hitachi, Ltd., with its principal place of business at 3732, Hayano, Mobara-shi,

Chiba 297-0037 Japan.  It was created as a joint venture of Hitachi, Ltd., Toshiba Corporation

and Matsushita Electric Industrial Co.  Defendant IPSA Alpha produced, promoted, sold,

marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho,

during the Class Period.

  28. Defendant LG.Philips LCD Co., Ltd. is incorporated in South Korea with its

principal place of business at 20 Yoido-dong, Youngdungpo-gu, Seoul 150-721 South Korea.

Defendant LG.Philips produced, promoted, sold, marketed, and/or distributed LCD to consumers

throughout the United States, including in Idaho, during the Class Period.

  29. Defendant LG.Philips LCD America, Inc. is a wholly owned subsidiary of

LG.Philips LCD Co., Ltd. and is incorporated in California with its principal place of business at

150 East Brokaw Road, San Jose, California 95112.  Defendant LG.Philips LCD America, Inc.

produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United

States, including Idaho, during the Class Period.  Defendants LG.Philips LCD America, Inc. and

LG.Philips LCD Co., Ltd. are collectively referred to as "LG.Philips".

  30. Defendant Matsushita Electric Industrial Co., Ltd. . (d/b/a as "Panasonic") is a

Japanese corporation with its principal place of business at 1006, Kadoma, Kadoma City, Osaka

571-8501 Japan.  Defendant Matsushita Electric Industrial Co., Ltd. produced, promoted, sold,

marketed, and/or distributed LCD to customers throughout the United States, including in Idaho,

during the Class Period.

  31. Defendant Panasonic Corporation of America is a wholly owned subsidiary of

Matsushita Electric Industrial Co., Ltd. and is incorporated in Delaware with its principal place

of business at 1 Panasonic Way, Secaucus, New Jersey 07094.  Defendant Panasonic

Corporation of America produced, promoted, sold, marketed, and/or distributed LCD to customers throughout the United States, including Idaho, during the Class Period.  Defendants Panasonic Corporation of America and Matsushita Electric Industrial Co., Ltd. are collectively referred to as "Matsushita".

32.    Defendant Mitsubishi Electric Corporation is a Japanese corporation with its principal place of business at Tokyo Building 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310 Japan.  Defendant Mitsubishi Electric Corporation produced, promoted, sold, marketed, and/or distributed LCD to customers throughout the United States, including in Idaho, during the Class Period.

33.    Defendant Mitsubishi Electric & Electronics USA, Inc. is a wholly owned subsidiary of Defendant Mitsubishi Electric Corporation.  Mitsubishi Electric & Electronics USA, Inc. is incorporated in Delaware with its principal place of business at 5665 Plaza Drive Cypress, California 90630.  Defendant Mitsubishi Electric & Electronics USA, Inc. produced, promoted, sold, marketed, and/or distributed LCD to customers throughout the United States, including in Idaho, during the Class Period.  Defendants Mitsubishi Electric & Electronics USA, Inc. and Mitsubishi Electric Corporation are referred to collectively as "Mitsubishi."

34.    Defendant NEC Electronics Corporation is incorporated in Japan with its principal place of business at 1753 Shimonumabe, Nakahara-ku, Kawasaki, Kanagawa 211-8668 Japan.  Defendant NEC Electronics Corporation produced, promoted, sold, marketed, and/or distributed LCD to customers throughout the United States, including in Idaho, during the Class Period.

35.    Defendant NEC Electronics America, Inc. is a wholly owned subsidiary of NEC Electronics Corporation and is incorporated in California with its principal place of business at

2880 Scott Boulevard, Santa Clara, California 95050.  Defendant NEC Electronics America, Inc.

produced, promoted, sold, marketed, and/or distributed LCD to customers throughout the United

States, including in Idaho, during the Class Period.

36.    Defendant NEC LCD Technologies, Ltd. is a Japanese corporation with its

principal place of business at 1753 Shimonumabe, Nakahara-ku, Kawasaki, Kanagawa 211-8666

Japan.  Defendant NEC LCD Technologies, Ltd. produced, promoted, sold, marketed, and/or

distributed LCD to customers throughout the United States, including Idaho, during the Class

Period.  Defendants NEC LCD Technologies, Ltd., NEC Electronics America, Inc. and NEC

Electronics Corporation are referred to collectively as "NEC".

37.    Defendant Samsung Electronics Company, Ltd. is a South Korean corporation

with its principal place of business at Samsung Main Building 250-2 ga, Taepyung-ro Chung-gu,

Seoul, South Korea. Defendant Samsung Electronics Company, Ltd. produced, promoted, sold,

marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho,

during the Class Period.

38.    Defendant Samsung Electronics America, Inc. is incorporated in New York with

its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

Defendant Samsung Electronics America, Inc. produced, promoted, sold, marketed, and/or

distributed LCD to consumers throughout the United States, including Idaho, during the Class

Period.  Defendants Samsung Electronics America, Inc. and Samsung Electronics Company, Ltd.

are collectively referred to as "Samsung".

39.    Defendant Sanyo Electric Co. Ltd. is a Japanese corporation with its principal

place of business at 5-5, Keihan-Hondori 2-chome, Moriguchi City, Osaka 570-8677 Japan.

Defendant Sanyo Electric Co. Ltd. produced, promoted, sold, marketed, and/or distributed LCD

to consumers throughout the United States, including Idaho, during the Class Period.

40.    Defendant Sanyo North America Corp. is incorporated in Delaware with its principal place of business at 2055 Sanyo Avenue, San Diego, California 92154.  Defendant Sanyo Electric Co. Ltd. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including Idaho, during the Class Period.  Defendants Sanyo North America Corp. and Sanyo Electric Co. Ltd. are collectively referred to as "Sanyo".

41.    Defendant Epson Imaging Devices Corporation is a Japanese corporation with its principal place of business at 6925 Toyoshina Tazawa, Azumino-shi, Nagano, Japan.  Defendant Epson Imaging Devises Corporation  produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

42.    Defendant Seiko Epson Corporation is a Japanese corporation with its principal place of business at 3-3-5 Owa, Suwa, Nagano 392-8502 Japan.  Defendant Seiko Epson Corporation produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

43.    Defendant Epson America, Inc. is a wholly owned subsidiary of Seiko Epson Corporation with its principal place of business at 3840 Kilroy Airport Way, Long Beach, California 90806.  Defendant Epson America, Inc. manufactured, sold and distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

44.    Defendant Epson Electronics America, Inc. is a wholly owned subsidiary of Seiko Epson Corporation with its principal place of business at 150 River Oaks Parkway, San Jose, California 95134.  Defendants Epson Electronics America, Inc. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.  Defendant Epson Electronics America, Inc., Epson America, Inc.,

Epson Imaging Devices Corporation, and Seiko Epson Corporation are collectively referred to as "Seiko".

45.    Defendant Sharp Corporation is a Japanese corporation with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522 Japan.  Defendant Sharp Corporation produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

46.    Defendant Sharp Electronics Corporation is a wholly owned subsidiary of Sharp Corporation and is incorporated in New York with its principal place of business at Sharp Plaza, Mahwah, New Jersey 07430.  Defendant Sharp Electronics Corporation produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.  Defendants Sharp Electronics Corporation and Sharp Corporation are referred to collectively as "Sharp."

47.    Defendant SONY Corporation is a Japanese corporation with its principal place of business at 6-7-35 Kitashinagawa, Shinagawa-ku, Tokyo 141-0001 Japan.  Defendant SONY Corporation produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

48.    Defendant S-LCD Corporation ("S-LCD") is incorporated in South Korea with its principal place of business at Tangjung, Asan-City, ChungCheongMan-Do, South Korea.  It is a joint venture between Samsung (50% plus one share) and SONY (50% minus one share).  Defendant S-LCD produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

49.    Defendant Syntax-Brillian Corp. ("Syntax Brillian") is incorporated in Delaware with its principal place of business at N. Desert Drive, Tempe, Arizona 85281.  Defendant

14

Syntax-Brillian produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

50.    Defendant Toshiba Corporation is incorporated in Japan with its principal place of business at 1-1 Shibaura, 1-chome, Minato-ku, Tokyo 105-8001 Japan.  Defendant Toshiba Corporation produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.

51.    Defendant Toshiba America, Inc. is a wholly owned subsidiary of Toshiba Corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110 New York, New York 10020.  Defendant Toshiba America, Inc. produced, promoted, sold, marketed, and/or distributed LCD to consumers throughout the United States, including in Idaho, during the Class Period.  Defendant Toshiba America, Inc. and Toshiba Corporation are referred to collectively as "Toshiba."

52.    Defendant Toshiba Matsushita Display Technology Co., Ltd. is a Japanese joint venture between Toshiba and Matsushita with its principal place of business at Rivage Shinagawa, 4-1-8 Konan, Minato-ku, Tokyo 108-0005 Japan.  Defendant Toshiba Matsushita Display Technology Co., Ltd. produced, promoted, sold, marketed, and/or distributed LCD to customers throughout the United States, including in Idaho, during the Class Period.

53.    Whenever reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the corporation's management, direction, control, or business affairs.  Moreover, Defendants acted as each other's agents or joint venturers with respect to their conspiracy, and any Defendant that is a subsidiary of a foreign parent acted as its parent company's agent for its

parent's U.S. LCD sales.

54.    The acts charged in this Complaint have been done by the aforesaid Defendants and were ordered and performed by the aforesaid Defendants' officers, directors, agents, employees or representatives while actively engaged in the management, direction, control or transaction of said Defendants' business or affairs.

## ADDITIONAL DEFENDANTS

55.    As additional information may come to light, Plaintiff reserves the right to add other Defendants as they become known to him.

56.    The acts alleged in this Complaint were, upon information and belief, authorized, ordered or done by officers, agents, employees, or representatives of each Defendant while actively engaged in the management of its business or affairs.

## CO-CONSPIRATORS

57.    Various other individuals, partnerships, corporations, organizations, firms, and associations not yet made Defendants in this Complaint (the "Co-Conspirators") and presently unknown to Plaintiff, participated as co-conspirators in the violation alleged herein, and performed acts and made statements in furtherance of the conspiracy.

58.    The true names and capacities, whether individual, corporate, associate, representative, or otherwise of Defendants named herein as DOES 1 through 100 are unknown to Plaintiff at this time, and are therefore sued by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of DOES 1 through 100 when they become known to Plaintiff.  Each of DOES 1 through 100 is in some manner legally responsible for the violations of law alleged herein.

59.    The acts charged in this Complaint as having been done by Defendants and the

DOE Defendants were authorized, ordered, or done by their officers, agents, employees, or representatives, while actively engaged in the management of the Defendants' businesses or affairs.

## CLASS ACTION ALLEGATIONS

60.    This action is brought by Plaintiff on behalf of himself, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, as representative of a class ("the Class"). In particular, Plaintiff asserts that a class action is appropriate under Rule 23(b)(3).

61.    The Class is defined as:

> All persons residing in Idaho who indirectly purchased LCD or products containing LCD manufactured and sold by one or more of the Defendants during the Class Period. The class of indirect purchasers of these products includes consumers and businesses who have purchased LCD and/or products containing LCD. Excluded from the Class are: all federal, state, or local governmental entities; Defendants' subsidiaries and affiliates; all persons who purchased LCD directly from any Defendant or from any other manufacturer of LCD.

62.    Although the exact size of the Class is unknown, the total number of Class members is in the thousands as most consumers have purchased LCD and/or products containing LCD. Based upon the nature of the trade and commerce involved, joinder of all Class members would be impracticable.

63.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no conflict with any other Class member and has retained competent counsel experienced in class action and antitrust litigation.

64.    Common questions of law and fact exist, including:

(a)    Whether Defendants conspired with each other and others to fix, raise, stabilize or maintain the prices of LCD;

(b)    Whether Defendants' acts were unfair or deceptive;

17

(c)     Whether the combination or conspiracy caused the prices of LCD and products containing LCD to be higher than they would have been in the absence of Defendants' conduct;

(c)     The operative time period for the conspiracy;

(d)     Whether Defendants' conduct caused injury to the business or property of Plaintiff and the Class, and if so, the appropriate measure of damages;

(e)     Whether Defendants' conduct violated the Idaho Competition Act, IDAHO CODE SEC. 48-101, ET SEQ.

(f)     Whether Defendants' conduct violated the Idaho Consumer Protection Act, Idaho Code Sec. 48-601, et seq.

(g)     Whether Defendants actively concealed the violation alleged herein; and

(h)     The appropriate nature of the class-wide equitable relief.

These and other questions of law and fact are common to the Class members and predominate over any questions affecting only individual Class members.

65.     Class action treatment is a superior method for the fair and efficient adjudication of the controversy described herein. The class action vehicle provides an efficient method for enforcement of the rights of the Plaintiff and the Class, and such litigation can be fairly managed. Plaintiff knows of no unusual problems of management or notice.

66.     It is desirable for the claims of the Plaintiff and Class members to be consolidated into a single proceeding to provide all claimants with a forum in which to seek redress for the violations of the laws of Idaho and the United States.

67.     The difficulties that may exist in the management of the class action are far outweighed by the benefits of the class action procedure, including but not limited to, providing claimants with a suitable method for the redress of their claims.

## **FACTUAL ALLEGATIONS**

A.     **Background of the LCD Industry**

68.     LCD is a thin, flat display device consisting of pixels aligned in front of a reflector or source of light.  An LCD generally consists of a mask of colored pixels and a layer of liquid crystal solution sandwiched between two panes of polarized glass.  When an electric current is passed through the liquid crystals, the crystals react, creating electric fields.  By manipulating the state of liquid crystals using electrical charges, the liquid crystals act like tiny shutters, opening or closing in response to the stimulus, thereby allowing light to pass through the colored pixels.  As a result, the LCD is illuminated, thus creating an image.

69.     LCD technology was introduced during the early 1970s; however, they were used commercially for laptop computer screens during the late 1980s.  Today, LCD are used in a variety of electronic products including, but not limited to, flat-panel televisions and computer monitors, laptop computers, digital cameras, cell phones, microwaves, digital personal assistants and digital music players.

70.     The LCD market is conducive to the kind of anticompetitive practices alleged in this Complaint.  The market is oligopolistic, is characterized by high manufacturing costs, and has technological barriers to entry.  The high barriers to entry are due to the capital-intensive nature of the display industry and the high volumes of production required to achieve economies of scale.

71.     According to reports, the worldwide market for LCD panels was worth $53 billion in 2004.  Other estimates suggest that the market is worth approximately $70 billion.  Most LCD panels are manufactured in Taiwan and South Korea.  For the first quarter of this year, Taiwan accounted for 52.2% of the LCD panel shipments, while South Korea had a 37.4% share.  Last year, South Korea led with a 48.8% share against Taiwan's 41.8% share.

72.     LG.Philips and Samsung have consistently been the industry's leading manufacturers. In 2005, LG.Philips captured a 21.4% market share of LCD panel production sized ten inches or larger, edging out Samsung, which had a 20.9% market share.  Following closely behind were AU Optronics with 14.5%, Chi Mei Optoelectronics with 11.8%, and Chunghwa Picture Tubes with 7.3%. Thus far in 2006, however, Samsung appears to have overtaken LG.Philips as the largest manufacturer of LCD panels—a result of the joint venture operation with SONY to form S-LCD Corp.  Trailing close behind is AU Optronics.  With its acquisition of Quanta Display in 2006, the company's estimated market share rises to approximately 20.2%, according to industry experts.

73.     Prior to the Class Period, LCD prices in the United States decreased significantly. New competitors entered the LCD market during this period.  Moreover, the increased manufacturing capacity resulting from newly constructed advanced generation factories and efficiency in production equipment and processes contributed to these price declines.  The LCD manufacturers' saw their profit margins squeezed from falling average selling prices.  Prices had dropped so precipitously that producers were actually selling at production cost, without making any profit.

74.     These efficiencies did, however, allow for the increased use of finished LCD in computer monitors and laptop notebooks, flat panel televisions and cell phones.  Upon information and belief, the average selling price of LCD rose significantly from 2003 to 2004 largely because of collusion among the Defendants.  During this period, Defendants agreed to reduce supply in order to artificially raise prices.

75.     Defendants' collusion operated to stymie the decline in prices prior to 2003, such that they raised prices to supra-competitive levels.  By 2003, prices climbed.  For instance, the average price of LCD larger than 10 inches increased from $219 in the second quarter to $271 in

the fourth quarter. At the end of 2003, the market was valued at $33 billon, a significant increase

from $29 billion in 2002. This increasing average price of LCD continued to rise in 2004, hitting

an all-time high. According to industry analysts, the market was valued at $36 billion in 2004.

It was the collusive activity among the Defendants and their Co-Conspirators that kept the prices

at supra-competitive levels and lead to the increase in value of the overall LCD market.

76.      The LCD industry has undergone significant consolidation throughout the Class

Period, leading to substantially fewer LCD manufacturers in the market. Examples of this

consolidation include AU Optronics' acquisition of Quanta Display and the collaboration by

industry leaders to create ventures such as S-LCD, Toshiba Matsushita Display Technology and

Sanyo Epson Imaging Devices.

77.      The market for LCD products is large and steadily increasing in size. For example,

shipments of LCD displays is predicted to rise to 154.3 million units in the first half of 2007, which is

a 6.3% increase from the 145.2 million units shipped during the latter half of 2006, and is a 23.7%

increase from the first half of 2006.

**B.      Investigation of the LCD Industry**

78.      The United States Department of Justice ("DOJ") recently launched an investigation

into anticompetitive practices by LCD manufacturers. On or about December 8, 2006, the DOJ

subpoenaed Defendants LG.Philips, Samsung, Sharp and Chi Mei Optoelectronics. A

spokesperson for the DOJ confirmed that an investigation is underway in the LCD industry and

that the DOJ is cooperating internationally with other antitrust authorities. Several Defendants

such as LG.Philips, Sharp and Samsung have acknowledged publicly that the DOJ has

subpoenaed them about the LCD investigation.

79.      Authorities in the European Union, Japan, South Korea and Taiwan have launched

similar probes in coordination with the DOJ investigation.  On December 12, 2006, the European

Commission confirmed that it had sent formal requests for information to a number of LCD

producers.  Japan's Fair Trade Commission also confirmed that it is investigating allegations of

price-fixing against LG.Philips, Samsung, AU Optronics, Sharp, Seiko Epson, Toshiba

Matsushita Display Technology, NEC, Hitachi, and IPS Alpha.  LG.Philips publicly

acknowledged on December 11, 2006, that it is being investigated in various countries:  "[A]s

part of an investigation of possible anticompetitive conduct in the LCD industry, officials from

the Korean Fair Trade Commission visited the offices of LG.Philips LCD in Seoul, Korea."

Defendants Samsung, Sharp and Chi Mei Optoelectronics have also confirmed that they are

under investigation by competition regulators overseas.

80.    Price fixing among manufacturers in the high-technology industry has also occurred

in other product markets, as evidenced by the most recent conspiracy in the Dynamic Random

Access Memory market and the alleged conspiracy in the Static Random Access Memory market.

Not surprisingly, many of the Defendants in these other cases are also implicated in this new

investigation of the LCD industry such as Defendants Samsung and Toshiba.

## TRADE AND COMMERCE

81.    The activities of Defendants and their Co-Conspirators, as described herein, were

within the flow of, were intended to, and did have a substantial effect on the commerce of LCD

throughout the United States, including Idaho.

82.    During the Class Period, Defendants manufactured, sold and shipped substantial

quantities of LCD to manufacturing businesses and consumers throughout the United States,

including Idaho.  Those businesses resold and/or incorporated the LCD into other products

including, but not limited to, but not limited to, flat-panel televisions and computer monitors, laptop

computers, digital cameras, cell phones, microwaves, digital personal assistants and digital music

players and then sold those goods to businesses and consumers throughout the United States,

including Idaho.

83.    The contract, combination, and conspiracy consists, upon information and belief,

of a continuing agreement, understanding, and concert of action between and among Defendants

and their Co-Conspirators, the substantial terms of which were and are to fix, stabilize, and

maintain prices, allocate markets and customers, and to coordinate price increases for the sale of

LCD throughout the United States, including Idaho.

84.    The acts in furtherance of the conspiracy by Defendants have included, on

information and belief, the following wrongful conduct and horizontal agreements:

(a)    participating in meetings and conversations on a periodic basis since at least January 1, 2002 in which Defendants and their Co-Conspirators discussed and agreed to fix, raise, stabilize, and maintain the prices for LCD;

(b)    participating in meetings and conversations on a periodic basis since at least January 1, 2002 in which Defendants and their Co-Conspirators discussed and agreed to allocate markets and customers for LCD;

(c)    participating in meetings and conversations on a periodic basis since at least January 1, 2002 in which Defendants and their Co-Conspirators discussed and agreed to refrain from engaging in competitive bidding, or to submit complementary and non-competitive bids, for particular contracts to supply LCD and/or products containing LCD to various customers;

(d)    exchanging sales and customer information for the purposes of monitoring and enforcing adherence to the agreements reached;

(e)    issuing price announcements, price quotations, and general price increases in accordance with the pricing and market allocation agreements reached; and

      (f)     facilitating, effectuating, implementing, monitoring and
concealing the contract, combination, and conspiracy to
raise the prices of LCD sold.

85.    For the purposes of formulating and effectuating the aforesaid contract,
combination, and conspiracy, Defendants and their Co-Conspirators did those things which they
conspired to do.

## IMPERMISSIBLE MARKET EFFECTS

86.    The contract, combination, and conspiracy alleged herein had the following
effects, among others:

      (a)     prices paid by Plaintiff and the Class members for LCD and
products containing LCD were fixed, raised, maintained,
and stabilized at artificially high and noncompetitive levels;

      (b)     indirect purchasers of LCD and products containing LCD
were deprived of the benefits of free and open competition;
and

      (c)     competition between and among Defendants and their Co-
Conspirators in the sale of LCD and/or products containing
LCD was unreasonably restrained.

87.    As a result, Plaintiff and the Class members have been injured in their businesses
and property in that they have not only been deprived the benefits of fair and open competition
on the merits but have paid more for LCD and/or products containing LCD than they otherwise
would have paid in the absence of Defendants' unlawful contract, combination, and conspiracy.

## FRAUDULENT CONCEALMENT

88.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as if
fully set forth herein.

89.    Throughout the Class Period, Defendants and their Co-Conspirators engaged in a
successful, illegal price-fixing conspiracy that was by its nature self-concealing and further
effectively, affirmatively, and fraudulently Defendants' concealed their unlawful combination,
conspiracy, and acts in furtherance thereof from Plaintiff and the Class members.

24

90.    Although Plaintiff exercised due diligence throughout the Class Period, he could not have discovered Defendants' unlawful scheme and conspiracy at an earlier date because of Defendants' effective, affirmative, and fraudulent concealment of their activities.  Defendants' wrongful conduct was carried out in part through means and methods that were designed and intended to avoid detection, and which in fact, successfully precluded detection.

91.    Defendants' fraudulent concealment included public statements that falsely attributed wild price fluctuations of LCD to natural reasons such as seasonal ebb and flow and a highly competitive market.  Defendants also instructed their United States entities to offer similar false reasons to explain price increases to customers in the United States, including West Virginia.  In fact, those fluctuations were due to Defendants periodic withholding of the supply of LCD to create an artificial supply shortage, which in turn generated a level of artificial demand, driving up prices.

92.    Plaintiff and the Class members had no reason to disbelieve Defendants' explanations of the pricing behavior of these products.  Indeed, in some instances Defendants' explanations involved proprietary or otherwise non-public information within Defendants' exclusive control, leaving Plaintiff and the Class members without means to verify their accuracy.  Plaintiff did not know nor could he have known that Defendants' prices for LCD were artificially inflated and maintained by virtue of Defendant's illegal price-fixing conspiracy and that Plaintiff and the other Class members were paying higher prices for LCD and/or products containing LCD than they would have paid in a competitive market.

93.    Plaintiff has exercised due diligence by promptly investigating the facts giving rise to the claims asserted herein upon having reasonable suspicion of the existence of Defendants' conspiracy, and by seeking discovery as to the matters asserted herein, to the extent

permitted by law.

## COUNT I
### (Violation of the Idaho Antitrust Ac)

94.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

95.     Beginning at least by January 1, 2002 and continuing until at least December 31, 2005, the exact date being unknown to Plaintiff, Defendants and their Co-conspirators engaged in a contract, combination, and conspiracy in an unreasonable restraint of trade and commerce in violation of antitrust statues and substantially affecting trade or commerce throughout the United States, including West Virginia.  The foregoing conduct has been, and continues to be, conducted in violation of the Idaho Antitrust Act, IDAHO CODE SEC. 48-101 ET SEQ..

96.     Each of the Defendants named herein, directly or indirectly and through affiliates, dominated, controlled, manufactured, sold and/or distributed LCD throughout the United States, including Idaho.

97.     During the Class Period, Defendants have engaged in illegal, anticompetitive practices including those described herein and/or combinations of capital, skill, and acts with others with the intent, purpose and effect of creating and carrying out restrictions in trade and commerce; increasing the price and limiting and reducing the supply of LCD; and restraining trade and preventing competition in the relevant markets of LCD products , thereby enabling Defendants to perpetuate their monopoly.

98.     The aforesaid violations of the IDAHO COMPETITION ACT consisted, without limitation, of a continuing unlawful trust and concert of action among the Defendants and their Co-Conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of, and to allocate markets for, LCD.

99. For the purpose of forming and effectuating the unlawful trust, Defendants and their Co-Conspirators have done those things which they combined and conspired to do, including but in no way limited to the acts, practices and course of conduct set forth above and the following:

a. to fix, raise, maintain and stabilize the price of LCD;

b. to allocate markets for LCD amongst themselves; and

c. to allocate amongst themselves the production of LCD.

100. The combination and conspiracy alleged herein has had, inter alia, the following effects:

a. price competition in the sale of LCD has been restrained, suppressed, and/or eliminated in the State of Idaho and throughout the United States;

b. prices for LCD sold by Defendants and their Co-Conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels in the State of Idaho and throughout the United States;

c. those who indirectly purchased LCD have been deprived of the benefit of free and open competition.

101. Plaintiff and the Class members paid supra-competitive and artificially inflated prices for LCD and products containing LCD.

102. As a direct and proximate result of Defendants' unlawful and anticompetitive practices, including combinations and contracts to restrain trade and monopolize the relevant markets, Plaintiff and the Class members have been injured in their business and property in that they paid more for LCD than they otherwise would have paid in the absence of Defendants' unlawful conduct. As a result of Defendants' violation of THE IDAHO COMPETITION ACT.,

Plaintiff, on behalf of himself and the Class members, seeks treble damages and the costs of suit, including reasonable attorneys' fees, filing fees and reasonable costs of the action pursuant to IDAHO CODE SEC. 48-113.

### COUNT II
### (Violation of Idaho Consumer Credit and Protection Act)

103.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

104.    Beginning at least by January 1, 2002 and continuing until at least December 31, 2005, the exact date being unknown to Plaintiff, Defendants and their Co-Conspirators committed and continue to commit acts of unfair competition, as defined by the Idaho Consumer Protection Act, IDAHO CODE SEC. 48-601, ET SEQ., by engaging in the acts and practices specified above.

105.    The acts, omissions, misrepresentations, practices and non-disclosures of Defendants, as alleged herein, constituted unfair methods of competition unfair and/or deceptive acts and practices within the meaning of the Idaho Consumer Protection Act, including but not limited to Idaho Code sec. 48-603 (17) and (18).

106.    The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity in the future.

107.    As a direct and proximate result of Defendants' unlawful, unfair and deceptive acts and practices, including combinations and contracts to restrain trade and monopolize the relevant markets, Defendants, and each of them, as described above, have caused and continue to cause Plaintiff and the Class members to pay supra-competitive and artificially inflated prices for LCD, and the Plaintiff and consumers throughout Idaho, have suffered an ascertainable loss of money and/or property and have been deprived of the benefits of free and fair competition on the

merits.

## COUNT III
### (Unjust Enrichment and Disgorgement of Profits)

108.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

109.    Defendants benefited from their unlawful acts through the overpayment for LCD and products containing LCD by Plaintiff and Class members.  It would be inequitable and unconscionable for Defendants to be permitted to retain the benefits of these overpayments, which were conferred by Plaintiff and Class members and retained by Defendants.

110.    Plaintiff and the Class members are entitled to have returned to each of them the amount of such overpayments as damages or restitution.

## COUNT IV
### (Violation of Clayton Act for Injunctive Relief)

111.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

112.    Beginning by at least January 1, 2002 and continuing until at least December 31, 2005, Defendants entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for LCD in West Virginia and the United States.

113.    Defendants' conduct in restraint of trade had the intent, and effect, of maintaining artificially high, and anticompetitive prices of LCD and/or products containing LCD.

114.    Defendants and Co-Conspirators did those things they colluded and conspired to do, including, but not limited to, the allegations set forth herein.

115.    Defendants' illegal combination and conspiracy as alleged herein had the effect of

(i) restraining, suppressing and/or eliminating competition; (ii) artificially fixing, raising, maintaining, and/or stabilizing prices at high, supra-competitive levels; and (iii) depriving consumers of free and fair competition on the merits.

116.    It is in the best interest of the public to enjoin, pursuant to the Clayton Act, 15 U.S.C. § 26, Defendants and their officers, agents, employees, or representatives from engaging in the unlawful contract, combination, and conspiracy in restraint of trade or commerce of LCD.

117.    Plaintiff and the Class have and will continue to be injured by Defendants' conduct in violation of the antitrust laws of the United States and in violation of tbe Idaho Competition Act, Idaho Code Sec. 48-101, et seq., and the Idaho Consumer Protection Act Idaho Code sec. 48-601, et seq. in the absence of injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Miles H. Humphrey, M.D., prays for judgment against all Defendants, jointly and severally, and respectfully requests that the Court:

1.    Certify this action to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and direct that reasonable notice be given to Class members;

2.    That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

      a.    An unlawful combination, trust, agreement, understanding, and/or concert of action in violation of the Idaho Antitrust Act as set forth in Count I herein;

      b.    Violations of the Idaho Consumer Credit and Protection Act as set forth in Count II herein; and

      c.    Acts of unjust enrichment as set forth in Count III herein; and

      d.    In violation of Section 16 of the Clayton Act, 15 U.S.C. § 26 for violations of

Section 1 of the Sherman Act, 15 U.S.C. § 1.

3.      Award Plaintiff and the Class members treble damages and costs of suit, including reasonable attorneys' fees, filing fees and reasonable costs of the action pursuant to Idaho's Competition Act;

4.      Award Plaintiff and the Class members restitution from these Defendants for acts, as alleged herein, that violate Idaho's Competition Act and Consumer Protection Act;

5.      Award Plaintiff and the Class members restitution and disgorgement of profits obtained by Defendants as a result of their violation of common law principles prohibiting their acts of unfair competition and acts of unjust enrichment;

6.      Award Plaintiff and the Class members a permanent injunction under Section 16 of the Clayton Act, 15 U.S.C. § 26, enjoining Defendants, and their officers, agents, employees, or representatives from engaging in this unlawful contract, combination, and conspiracy in restraint of trade or commerce;

7.      Award Plaintiff and the Class members pre-judgment and post-judgment interest on the above sums at the highest rate allowed by law; and

8.      Grant such other, further or different relief as the Court deems meet and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims for which he is entitled to a jury trial.

MILES H. HUMPHREY, M.D., on behalf of himself and all others similarly situated in the State of Idaho,

_s/ Thomas D. Kershaw, Jr._
E-mail:  tkershaw@sunvalley.net
Thomas D. Kershaw, Jr.
Bar # 3381
Attorney for Plaintiffs

Thomas D. Kershaw, Jr. p.c.
184 Gooding St. W
P.O. Box 2497
Twin Falls, ID   83303
(208)73409622
(208)734-6944 (fax)
tkershaw@sunvalley.net

Attorneys who will seek to appear after filing
of complaint upon approval of _Pro Hac Vice_ Motions:

Wyatt B. Durrette, Jr. (VA Bar # 04719)
Christopher G. Hill (VA Bar # 41538)
Christine A. Williams (VA Bar # 47074)
DurretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, VA  23219-2430
Telephone:  (804) 775-6900
Facsimile:  (804) 775-6911

Edward J. Westlow (NY ID # 1651686)
600 East Main Street, 20th Floor
Richmond, VA  23219-2430
Telephone:  (804) 780-0305
Facsimile:  (804) 780-0306

Richard L. Coffman (TX Bar # 04497460)
The Coffman Law Firm
1240 Orleans Street, Suite 200
Beaumont, TX  77701
Telephone:  (409) 832-4767
Facsimile:  (866) 835-8250